UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY H. MARGOLIS, M.D.,

    Petitioner,                             Misc. No.

v.

UNITED STATES OF AMERICA,

    Respondent.

---

**PETITION TO MODIFY DATE OF TESTIMONY
IN CIVIL INVESTIGATIVE DEMAND
DUE TO PREPAID INTERNATIONAL VACATION**

Pursuant to 31 U.S.C. § 3733(j)(2), Jeffrey H. Margolis, M.D. ("Dr. Margolis"), by and through undersigned counsel, respectfully submits this Petition to Modify Civil Investigative Demand, which requests that this Court modify the date for oral testimony set forth in Civil Investigative No. 25-080 (the "CID") issued by the United States Attorney's Office for the Eastern District of Michigan (the "Government") under the False Claims Act, 31 U.S.C. §§ 3729-3733.

## INTRODUCTION

The CID seeks oral testimony from Dr. Margolis on Friday, June 13, 2025, a date on which Dr. Margolis will be out of the country with his family on a prepaid and long-planned vacation. Dr. Margolis respectfully requests a reasonable

modification of the date for his testimony to avoid the undue burden imposed by appearing on the unilaterally scheduled date. Dr. Margolis has proposed multiple alternative dates for his testimony to the Government—both prior to and after the date that is currently scheduled—but the Government refuses to consider them unless Dr. Margolis agrees to a tolling agreement. In addition to the fact that conditioning a reasonable schedule accommodation on a tolling agreement is improper, Dr. Margolis is not willing to agree to a tolling agreement, which may revive claims that are otherwise time-barred under the applicable statute of limitations. Accordingly, Dr. Margolis petitions for a modification of the CID to reschedule the testimony to a mutually agreeable date.

## BACKGROUND

1. The CID was issued on May 13, 2025 and seeks oral testimony from Dr. Margolis under 31 U.S.C. § 3733(a)(1)(B)(i). (**Exhibit 1**, CID.)

2. The scheduled date for Dr. Margolis' testimony is Friday, June 13, 2025, at 2:00 p.m., during which Dr. Margolis will be traveling internationally on a prepaid family vacation planned nearly a year ago. The Government did not consult with or discuss this date with Dr. Margolis before issuing the CID. (**Exhibit 2**, Declaration.)

3. The family vacation includes a 10-day cruise in Italy followed by a week-long stay in Croatia. It was booked nearly a year ago and is fully prepaid. All

2

travel arrangements have long been finalized, including prepaid plane tickets. Dr. Margolis is traveling with his wife, Jennifer, their three children, and several extended family members. They are scheduled to fly from Detroit to Rome at 6:20 p.m. on June 12, 2025. They embark on June 13, 2025 on a 10-day cruise of Italy with Crystal Cruises. The cruise ends on June 22, 2025. They then spend a week in Croatia. They fly from Rome to Detroit on June 29, 2025. (*Id.*)

4. Due to the nature of the bookings and associated commitments, there is no flexibility to make changes or cancellations on such short notice, and several non-refundable components are involved.[1] Moreover, it would impose a great personal burden on Dr. Margolis, his wife, and their family, who have awaited this vacation for nearly a year and arranged their schedules accordingly. (*Id.*)

5. Dr. Margolis promptly notified the Government of his unavailability and offered to appear on an alternative date shortly after he returns to the United States. (**Exhibit 3**, Email Chain.)

6. The Government refused to reschedule Dr. Margolis' testimony, stating that it would only discuss rescheduling the date if Dr. Margolis agreed to enter into a tolling agreement. (*See id.*)

---

[1] For example, the Rental Booking Agreement for Dr. Margolis' stay in Croatia states "[i]t is extremely unlikely that LaCure will be able to make changes to your booking following Confirmation of Booking" and "all deposits are non-refundable." (*See id.*)

3

7. The Government has not provided the tolling agreement to Dr. Margolis. However, Dr. Margolis is not willing to enter into a tolling agreement, particularly one that could revive time-barred claims.

8. Dr. Margolis then offered to appear on an alternative date *a week prior to the scheduled date*, on June 6, 2025. (*Id.*)

9. The Government did not provide a response to this alternative proposed date, instead inquiring as to when Dr. Margolis would produce documents pursuant to the CID.² (*Id.*)

10. Dr. Margolis' counsel responded and explained that Dr. Margolis was working swiftly on collection of these documents, but could not commit to a specific production date at this time. Dr. Margolis' counsel additionally requested a meet and confer with the Government to further discuss the date and time for Dr. Margolis' oral testimony. (*Id.*)

---

² The deadline for the production of the documents sought in the CID is June 12, 2025. (Ex. 1.) The date for Dr. Margolis' oral testimony is June 13, 2025. The Government was never going to be in a position to review the documents produced by Dr. Margolis prior to the date and time for his oral testimony. The document requests are voluminous, and the Government is taking the oral testimony of a separate witness the morning of June 13, 2025. This attempt by the Government to now condition rescheduling Dr. Margolis' oral testimony date on the receipt of documents is yet another tactic to avoid providing Dr. Margolis with a reasonable schedule accommodation.

4

11. When the Government did not respond, Dr. Margolis' counsel again requested a meet and confer, explaining that Dr. Margolis would have no choice but to file this Petition. (*Id.*)

12. The Government finally agreed to conduct a meet and confer on Monday, June 2, 2025, at 10:30 a.m., but cancelled that meet and confer on Monday morning. (*Id.*)

13. Dr. Margolis' counsel then requested an extension of the deadline to file this Petition.

14. The Government did not provide an extension, nor did the Government even provide a proposed tolling agreement to allow him to consider its quid-pro-quo offer of discussing rescheduling his testimony in exchange for his signing a tolling agreement, thereby forcing Dr. Margolis to file this Petition.[3] (*Id.*)

## LEGAL STANDARD

Under the False Claims Act:

> Any person who has received a civil investigative demand issued under subsection (a) may file, in the district court of the United States for the judicial district within which such person resides, is found, or transacts business, and serve upon the false claims law investigator identified in

---

[3] Dr. Margolis reserves the right to seek attorney fees, costs, and sanctions.

such demand a petition for an order of the court to modify or set aside such demand. 31 U.S.C. § 3733(j)(2)(A).

The petition "may be based upon . . . any constitutional or other legal right or privilege of such person." 31 U.S.C. § 3733(j)(2)(B). The Federal Rules of Civil Procedure apply to any such petition, "to the extent that such rules are not inconsistent with the provisions of this section." 31 U.S.C. § 3733(j)(6).

This Court has jurisdiction to hear this matter. 31 U.S.C. § 3733(j)(5). "During the pendency of the petition, the court may stay, as it deems proper, compliance with the demand and the running of the time allowed for compliance with the demand." 31 U.S.C. § 3733(j)(2)(B).

A civil investigative demand is a type of administrative subpoena. *United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995). A civil investigative demand cannot be unreasonable and cannot be unduly burdensome. *See United States v. Morton Salt Co.*, 338 U.S. 632, 652-53 (1950); *Doe v. United States*, 253 F.3d 256, 267-68 (6th Cir. 2001). In assessing undue burden, the Sixth Circuit has explained that a court must "weigh the likely relevance of requested material against the burden of producing that material." *Doe*, 253 F.3d at 267. Furthermore, the Sixth Circuit has held that a party must attempt to reach a reasonable accommodation with the government in order for a court to find a civil investigative demand to be unduly burdensome. *Id.* at 268-69; *Morton Salt*, 338 U.S. at 653 ("Before the courts will hold an order seeking information reports to be arbitrarily excessive, they may

6

expect the supplicant to have made reasonable efforts . . . to obtain reasonable conditions").

## ARGUMENT

### I. The unilaterally scheduled testimony date imposes an undue burden on Dr. Margolis.

Requiring Dr. Margolis to provide testimony on the scheduled date would impose an undue personal and financial burden. Dr. Margolis' family vacation was booked nearly a year ago. It is not refundable. It is an international trip. He and his wife and family have purchased international plane tickets. They have arranged their schedules. There is no flexibility to make changes or cancellations on such short notice. The financial losses would be substantial due to the numerous non-refundable components of Dr. Margolis' scheduled vacation. The personal burden would also be substantial. Dr. Margolis and his wife and family will either have to cancel a vacation that has been planned for nearly a year or Dr. Margolis' wife and family would have to attend the trip without him.

To be clear, this undue financial and personal burden is predicated on the Government's position that Dr. Margolis *can only* provide testimony on the afternoon of Friday, June 13. Dr. Margolis has offered to appear to provide testimony a week prior, on Friday, June 6, or shortly after he returns from his vacation, on Tuesday, July 8. (Ex. 3.) The Government refuses to reschedule to either date. The Government's refusal to reschedule the testimony—despite Dr. Margolis offering

7

multiple alternative dates both prior to and after the scheduled date—disregards the reasonable interests of the witness and imposes an undue burden. Many federal district courts have concluded unilaterally scheduled depositions of this nature impose an undue burden on the witness. *See e.g.*, *Thompson v. Cnty. of Riverside*, No. 5:19-CV-00122-AB-SHK, 2023 WL 8168859, at *8 (C.D. Cal. July 26, 2023) (holding plaintiff imposed an undue burden on deponents by "unilaterally noticing depositions in locations and on dates such that neither defense counsel nor the deponent could attend"); *Ribeiro v. Baby Trend, Inc.*, No. 8:12CV204, 2016 WL 1555702, at *1 (D. Neb. Apr. 15, 2016) (finding a unilaterally noticed deposition imposed an undue burden where the deponent was scheduled to work on the deposition date and would lose needed income if compelled to appear on the scheduled date); *Jones v. Hirschfeld*, 219 F.R.D. 71, 74 (S.D.N.Y. 2003) ("It is settled that 'judges may prevent a proposed deposition when the facts and circumstances are such that it creates an inappropriate burden or hardship.'")

Moreover, as expressed by numerous federal district courts, cooperative scheduling arrangements are a basic expectation of counsel. *See e.g.*, *Valdivia v. Kmart Corp.*, No. CIV. 2000/18, 2000 WL 1739215, at *2 (D.V.I. June 13, 2000) (explaining "[u]nilaterally noticed depositions are inimical to" cooperative discovery arrangements); *Macalpine v. CRA Sols., Inc.*, No. 18-61986-CIV, 2018 WL 11432983, at *2 (S.D. Fla. Nov. 28, 2018) ("The Court urges the attorneys to

8

cooperate in scheduling the depositions and reminds counsel of the expectations of this Court."); *Seabrook Med. Sys., Inc. v. Baxter Healthcare Corp.*, 164 F.R.D. 232, 233 (S.D. Ohio 1995) ("What needs to occur is quite simple: counsel should discuss and agree to a deposition date before the issuance of the subpoena, not after."); *Smoracy, L.L.C. v. Plana, Inc.*, No. CIVA 06-CV-15507-DT, 2007 WL 1774465, at *1 (E.D. Mich. June 18, 2007) ("The Court normally expects counsel to be able to work out deposition dates for times other than when opposing counsel has vacation plans.") This should be a simple scheduling matter resolved between Dr. Margolis' counsel and the Government. The alternative dates provided by Dr. Margolis resolve any legitimate concern the Government may have regarding the timing of Dr. Margolis' testimony. Yet, the Government refuses to even discuss this matter with Dr. Margolis' counsel.[4] Dr. Margolis therefore has no choice but to seek judicial intervention at this stage.

---

[4] Dr. Margolis' counsel specifically requested to meet and confer with the Government on this matter. The Government agreed to participate in a meet and confer, but cancelled the scheduled meet and confer the morning of Dr. Margolis' deadline to file this Petition. The Government would not otherwise agree to extend the deadline for Dr. Margolis to file this Petition in order to permit a meet and confer to take place. This Petition is, in large part, a discovery motion. Therefore, Dr. Margolis' counsel made every effort to meet and confer with the Government in an effort to resolve this matter without judicial intervention. *See* Fed. R. Civ. P. 37(a)(1), Local Rule 7.1(a); *Curtis v. Deutsche Bank*, No. 1:23-CV-12859, 2025 WL 1296206, at *12 (E.D. Mich. May 5, 2025) ("These procedural requirements are not trifling technicalities. Instead, they implement the Civil Rules' recurring preference for litigants to use cost-saving, extrajudicial efforts to resolve discovery disputes before seeking judicial intervention . . . And more to the point, they expect professionals to

## II. It is improper for the Government to condition a reasonable schedule accommodation on a tolling agreement.

The Government's insistence on a tolling agreement as a condition for modifying the testimony date is coercive and improper. As an initial matter, Dr. Margolis cannot even evaluate the proposed tolling agreement because it has not been provided to him. Moreover, Dr. Margolis is not willing to enter into a tolling agreement with the Government. A tolling agreement is an extraordinary waiver of rights because it suspends the statute of limitations. The tolling agreement proposed by the Government is even more extraordinary in that it could revive claims that are otherwise time-barred. There is no language in the False Claims Act that authorizes the use of scheduling testimony in connection with a civil investigative demand as leverage to compel such a concession. Critically, Dr. Margolis's refusal to toll the statute of limitations does not reflect an unwillingness to cooperate with the Government, but rather a reasonable and prudent legal position to avoid prejudicing his rights. It is not a basis to refuse to accommodate a reasonable schedule change.

## CONCLUSION

Dr. Margolis respectfully requests that this Court modify the date for oral testimony set forth in the CID to a date that is mutually agreeable to the Government

---

manage discovery, well, professionally, rather than requesting a court 'to expend its energies when the parties have not sufficiently expended their own.'").

and Dr. Margolis. This modification will preserve the Government's investigatory interests while protecting Dr. Margolis from undue personal and financial burden.

                                    WARNER NORCROSS + JUDD LLP

Dated:  June 2, 2025                By: */s/ Katherine L. Pullen*
                                                Charles N. Ash, Jr. (P55941)
                                                Katherine L. Pullen (P74511)
                                                WARNER NORCROSS + JUDD LLP
                                                2715 Woodward Avenue, Suite 300
                                                Detroit, Michigan 48201
                                                (313) 546-6000
                                                cash@wnj.com
                                                kpullen@wnj.com

                                                *Attorneys for Petitioner*